Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>BRIANNA MICHELLE ESCOBEDO,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2-16-bk-00374 MCW<br><br>**TRUSTEE'S RECOMMENDATION**<br>5/12/16<br>(5/11/16) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The last day to file a proof of claim by a non governmental entity is 5/24/16. Any claim discrepancies arising after the filing of this Recommendation must be resolved prior to submitting a proposed order confirming plan to the Trustee.

(2) Wells Fargo Bank, N.A. has filed an objection to the Plan. The attorney for the Debtor must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(3) The Trustee renews his request for copies of bank statements for each account for the

months of December 2015 through February 2016.

(4) The Trustee requests a copy of the Debtor's state and federal income tax returns for 2015 and the turnover of any net tax refunds as supplemental payments to be paid to unsecured creditors.

(5) **Plan payment status:** The Debtor must cure the delinquency of $200.00 no later than 5/12/16 ~~5/11/16~~.

(6) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2015 - 2018 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by ~~5/11/16~~ 5/12/16 Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

Copy mailed or emailed to:

Russell Brown
2016.04.11 16:04:07 -07'00'

BRIANNA MICHELLE ESCOBEDO
6915 WEST GARDENIA AVENUE
GLENDALE, AZ 85303
Debtor

- 3 -

| | |
|---|---|
| 1 | KENNETH L. NEELEY |
| 2 | NEELEY LAW FIRM, PLC<br>2250 E. GERMANN RD., STE. 11 |
| 3 | CHANDLER, AZ 85286<br>Attorney for Debtor |
| 4 | |
| 5 | Jessica Morales<br>2016.04.12 |
| 6 | 09:33:51 -07'00' |
| 7 | *jmorales@ch13bk.com* |

- 4 -